IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY K. HAELTINE-MCCONKEY                                                              PLAINTIFF

vs.                                         Civil No. 6:16-cv-06018

NANCY A. BERRYHILL                                                                        DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mary K. Haeltine-Mcconkey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on May 1, 2014. (Tr. 9). Plaintiff alleges she is disabled due to neck pain, back pain, spine pain, muscle problems, and heart problems. (Tr. 233). Plaintiff alleges an onset date of March 25, 2014. (Tr. 9). These applications were denied initially and again upon reconsideration. (Tr. 69-116).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 28-68). Plaintiff's administrative hearing was held on August 12, 2015 in Hot Springs, Arkansas. *Id.* Plaintiff was present and was represented by counsel, Donna Price, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Cola Brown testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c)(2008) (SSI). (Tr. 33). As for her education, Plaintiff also testified at this hearing that she had completed high school. (Tr. 36).

On October 15, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 6-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2017. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 25, 2014, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: cervical strain, personality disorder, mood disorder, anxiety disorder, and polysubstance abuse. (Tr. 11-13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. *Id.* Second, the ALJ reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. *Id.* Specifically, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift, push, and/or pull ten pounds frequently with a maximum weight of twenty pounds. She can sit, stand, and/or walk for six hours of an eight-hour workday and one to two hours without interruption. (20 CFR 404.1567(a) and 416.967(a)). The claimant is able to occasionally stoop, crouch, kneel, and crawl. Further, the claimant is able to work where complexity of tasks is learned and performed by rote with few variables and little judgment; she can understand, retain, and carry out simple instructions; and can perform work where contact with supervisors, co-workers, and public is superficial and limited to meeting, greeting, making change, and to giving simple instructions and directions.

*Id.*

The ALJ then considered Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as a cashier. (Tr. 20-21, Finding 6). Because she retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 25, 2014 through the date of his decision or through October 20, 2015. (Tr. 21, Finding 7).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable decision. On December 29, 2015, the Appeals Council denied this request. On February 25, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 3, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

With her appeal, Plaintiff raises the following three claims: (1) the ALJ erred with his Step Four determination; (2) the ALJ erred in assessing her physical limitations; and (3) the ALJ erred in assessing her mental limitations. ECF No. 12 at 1-11. The Government responded to these arguments and claims there is no basis for reversal in Plaintiff's case. ECF No. 14. Because this Court finds the ALJ's RFC determination as to Plaintiff's physical limitations is not supported by substantial evidence, this Court will only address Plaintiff's second argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th

Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ did err in evaluating Plaintiff's RFC because the ALJ's RFC assessment was not supported by "some medical evidence" as required by *Lauer.* Indeed, in her application for benefits, Plaintiff alleged being disabled due to back pain, neck pain, and spine pain. (Tr. 233). Plaintiff's allegations regarding this pain are supported by objective testing. Indeed, on August 12, 2015, Plaintiff's x-rays demonstrated she suffered from "degenerative disc disease at the L4-5 level" and "mild facet arthropathy of the L4-5 and L5-S1 levels." (Tr. 868). These x-ray results were made a part of the record and were taken over two months before the ALJ's decision in this matter.

Despite this fact, the ALJ entirely ignored these objective test results and repeatedly stated that Plaintiff's allegations of disabling pain were not supported by her objective medical records: "The absence of objective medical findings to support allegations of disabling pain or other symptoms is one factor, which can be used to evaluate credibility and to contradict the claimant's subjective complaints regarding the nature, severity and overall duration of her symptoms. Here, the record fails to reveal the type of significant clinical and laboratory abnormalities one would expect with the reported severity and chronic nature of her impairments." (Tr. 18).

Indeed, the ALJ does not supply any medical basis for his findings regarding Plaintiff's lifting restrictions due to this pain. Accordingly, in light of these x-ray results, the Court cannot find the ALJ's RFC determination is supported by "substantial evidence" in the record. Thus, the Court finds Plaintiff's case must be reversed and remanded for further consideration of Plaintiff's RFC and physical limitations.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE